UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN, #787263,

        Plaintiff,

v.

        CASE NO. 2:20-CV-12502
        HONORABLE SEAN F. COX

MICHIGAN, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR
LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE,
DISMISSING WITHOUT PREJUDICE HIS CIVIL RIGHTS COMPLAINT,
AND DENYING HIS MOTION FOR A STAY OF THE CASE**

    Michigan prisoner Sean Michael Ryan ("Plaintiff"), currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed without prepayment of the filing fee for this action and a motion to for a stay of the proceedings. In his nearly 700-page complaint, Plaintiff essentially challenges the medical care, pain treatment, and accommodations that he has received in multiple state prisons over the last 10 years. He names more than 360 defendants, including the State of Michigan, the Michigan Department of Corrections ("MDOC"), Corizon Healthcare, current and former MDOC directors, prison wardens, prison employees, and medical personnel, in this action and he seeks injunctive relief and monetary damages.

    Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

(1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires a federal court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id*.; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Ryan v. State of Mich., et al.*, No. 2:16-CV-00054, 2016 WL 3085771 (W.D. Mich. June 2, 2016), *Ryan v. Norwood, et al.*, No. 1:14-CV-00410, 2014 WL 2207192 (W.D. Mich. May 28, 2014), *Ryan v. City of Saginaw Police Dep't, et al.*, No. 2:12-CV-12709, 2012 WL 2805046 (E.D. Mich. July 10, 2012), *Ryan v. O'Farrell*, No. 1:11-CV-01247, 2012 WL 33864 (W.D. Mich. Jan. 6, 2012). Plaintiff has also previously been notified of his three-strike status and been denied leave to proceed without prepaying the filing fee in other cases. *See, e.g., Ryan v. G. Robert Cotton Corr. Facility, et al.*, No. 2:19-CV-12286, 2019 WL 8198366 (E.D. Mich. Oct. 22, 2019), *Ryan v. Carson City Corr. Facility, et al.*, No.

2:17-CV-10562, 2018 WL 1790170 (E.D. Mich. April 16, 2018) (adopting magistrate judge's report, revoking IFP status, and dismissing complaint without prejudice), *Ryan v. Heyns, et al.*, No. 1:14-CV-00754, 2015 WL 753159 (W.D. Mich. Feb. 23, 2015) (adopting magistrate judge's report).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff acknowledges that he is a three-striker, but alleges that he is under imminent danger due to his chronic medical conditions and pain. To fall within the exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception, *id.*, as is an assertion of the potential for future harm. *See Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Finally, as the Sixth Circuit recently clarified, the type of physical injury alleged must "have potentially dangerous consequences such as death or severe bodily harm" to qualify as "serious" for purposes of § 1915(g). *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

Plaintiff fails to allege facts which show that he is under imminent danger of serious physical injury. His January, 2020 to April, 2020 diagnoses of mixed hyperlipidemia (high cholesterol genetic disorder), sleep apnea, myopathy (muscle weakness), and an ingrown nail

3

(Attach. A, ECF No. 1-6, PageID.688) are not sufficiently serious so as to justify an exception to the three strikes rule. Additionally, his 2005 back surgery, 2006 diagnoses of dysesthesia (abnormal sensation), paresthesias (tingling or prickling sensation), neuropathy (nerve numbness or weakness), bursitis (inflammation), cervical radiculopathy (pinched neck nerve), cervical and lumbar post lamenectomy syndrome (post-surgery neck/back pain), facet joint disease (spinal joint degeneration) and hypersensitivity to pain, 2015 diagnosis of spinal stenosis, and "past year" diagnosis of paralyzed lieus (impaired intestinal nerves) (Attach. B, ECF No. 1-6, PageID.589-691) represent past injuries and ailments in part which do not establish imminent danger of serious physical injury. *See, e.g., Rittner*, 290 F. App'x at 797-98.

To the extent that some of those conditions persist and currently cause physical discomfort and pain, they do not rise to the level of imminent danger of serious physical injury to justify an exception to the three strikes rule. In fact, two judges have so ruled in Plaintiff's most recent attempts to proceed without prepayment of the filing fee in civil rights actions in this district. *See, e.g., Ryan*, 2019 WL 8198366 at *2-3 (Tarnow, J., finding no imminent danger where Plaintiff had same medical history and complaints of chronic pain while confined at his current prison in 2019); *Ryan*, 2018 WL 1790170 at *3 (Steeh, J., finding no imminent danger where Plaintiff had similar issues and complaints of poor pain management while confined at another prison in 2018). Such physical conditions and pain are not life-threatening nor do they constitute severe bodily harm as envisioned by the Sixth Circuit in *Gresham*. 938 F.3d at 850 (finding that alleged injuries of chest pain, restlessness, seizures, vomiting, stomach cramps, and dizziness arising from supervised medications were insufficient to meet the exception); *Settle v. Byrge*, No. 3:20-CV-00511, 2020 WL 4274195, *2 (M.D. Tenn. July 24, 2000) (citing *Gresham*

and finding that chronic back pain did not constitute an exception); *cf. Vandiver*, 727 F.3d at 587 (exception met where prisoner faced impending amputation, as well as coma or death).

Lastly, Plaintiff's concerns about potential future harm, such as further nerve damage or muscle loss, paralysis, stroke, heart attack, and death, are speculative and are insufficient to satisfy the exception to the three strikes rule. To be sure, he has managed to carry on despite having most of his ailments for many years and his complaint reflects an ongoing pattern of medical care (although Plaintiff disagrees with the treatment provided). Plaintiff thus fails to establish that he should be allowed to proceed without prepayment of the filing fee despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee for this action and **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new civil rights complaint accompanied by the full payment of the $350.00 filing fee and the $50.00 administrative fee. Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed, in whole or in part, under 28 U.S.C. § 1915A(b), which requires a federal court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Additionally, any such complaint must comply with the Federal Rules of Civil Procedure Rule 8(a), which requires that a complaint set forth "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Given this decision, the Court also **DENIES** Plaintiff's motion for a stay of the case as moot.

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: October 13, 2020