UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN, #787263,

        Plaintiff,

v.

        CASE NO. 2:20-CV-12502
        HONORABLE SEAN F. COX

MICHIGAN, et al.,

        Defendants.
_____/

**ORDER OF DEFICIENCY FOR FAILURE TO COMPLY
WITH RULE 8 OF THE FEDERAL RULES OF CIVIL OF PROCEDURE**

**I.    INTRODUCTION**

Michigan prisoner Sean Michael Ryan ("Plaintiff"), confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed without prepayment of the filing fee for this action and a motion to stay the proceedings. In his nearly 700-page complaint, Plaintiff essentially challenges the medical care, pain treatment, and accommodations that he has received in multiple state prisons over the last 10 years. He names more than 360 defendants, including the State of Michigan, the Michigan Department of Corrections ("MDOC"), Corizon Healthcare, current and former MDOC directors, prison wardens, prison employees, and medical personnel, in this action and he seeks injunctive relief and monetary damages. ECF No. 1.[1] The Court initially dismissed the case pursuant to the three strikes rule, ECF No. 4, but has since reconsidered its decision,

---

    [1]The Court notes that Plaintiff has not provided copies of his complaint for service upon the defendants.

reopened the case, ECF No. 8, and granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. ECF No. 10.

## II.     DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This notice pleading standard does not require "detailed" factual allegations, but does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

As noted, Plaintiff's complaint consists of nearly 700 pages, names over 360 defendants, involves allegations concerning his medical care and accommodations and related issues at several prisons, and spans a 10-year period. Federal Rule of Civil Procedure 8(a), however, requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint violates Rule 8(a) and is subject to dismissal when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Directors of Bureau of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also Plymale v. Freeman*, 930 F.2d 919, 1991 WL 54882, *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing "rambling" 119-page complaint); *Smith v. Smith*, No. 06-11738, 2006 WL 3511565, *4-6 (E.D. Mich. Dec. 5, 2006) (adopting magistrate judge's report and dismissing prisoner civil rights complaint for failure to comply with Rule 8(a)(2)); *accord Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); *Vicom, Inc. v. Harbridge Merchant Svs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a]

complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages"); *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible").

Plaintiff's nearly 700-page complaint against more than 360 defendants at various prisons covering allegations of improper conduct over a 10-year period fails to comply with Rule 8(a). The complaint involves a myriad of claims, dates, and factual allegations against the defendants which are difficult to review. Plaintiff has not submitted a clear and concise statement of factual allegations of unconstitutional conduct against each of the defendants. Due to the voluminous nature of the complaint, the Court cannot readily ascertain the factual specifics for each of Plaintiff's claims or the appropriate defendant/defendants for them, let alone determine whether the claims are properly exhausted and timely filed. Even a cursory review of the complaint is daunting. Neither the Court nor the defendants should be required to sift through almost 700 pages of materials to discern the who, what, and where of Plaintiff's claims and his bases for relief as to 360 defendants. Consequently, Plaintiff's complaint is subject to dismissal for failure to comply with Rule 8(a).[2]

Given that Plaintiff appears to have significant health issues and his complaint involves his medical care and accommodations in prison, however, the Court shall not dismiss the case outright, but shall instead provide Plaintiff with the opportunity to correct his pleading deficiency by filing

---

[2]The Court notes that some claims and/or defendants may also be mis-joined in this civil rights action given the nature and expanse of Plaintiff's claims and the number and location of the defendants. *See* Fed. R. Civ. P. 18(a), 20(a)(2), 21.

an amended complaint that complies with Rule 8(a).

## III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff's current civil rights complaint fails to comply with Rule 8(a) and is subject to dismissal. Rather than dismissing this case, however, the Court concludes that Plaintiff should have the opportunity to correct his deficiency by filing an amended complaint. Accordingly, Plaintiff may file an amended civil rights complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure within **60 DAYS** of the filing date of this order. That complaint will supercede the current complaint. If he does not do so, the Court shall dismiss the current complaint without prejudice for failure to comply with Rule 8(a) and close this case.

**IT IS SO ORDERED**.

s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2021