UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN, #787263,

        Plaintiff,

                                  CASE NO. 2:20-CV-12502
v.                                 HONORABLE SEAN F. COX

MICHIGAN, et al.,

        Defendants.

_____/

**<u>OPINION AND ORDER DISMISSING AMENDED CIVIL RIGHTS COMPLAINT</u>**

## I.    Introduction

This is a pro se civil rights action brought pursuant to 42 U.S.C. § 1983.  Michigan prisoner Sean Michael Ryan ("Plaintiff") initially filed a nearly 700-page complaint challenging the medical care, pain treatment, and accommodations that he has received in multiple state prisons over the last 10 years.  He named more than 360 defendants, including the State of Michigan, the Michigan Department of Corrections ("MDOC"), Corizon Healthcare, current and former MDOC directors, prison wardens, prison employees, and medical personnel, and sought injunctive relief and monetary damages.  ECF No. 1.  The Court granted him leave to proceed without prepayment of the fees and costs for this action.  ECF No. 10.

In February, 2021, the Court issued a deficiency order informing Plaintiff that his complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure and giving him 60 days to file an amended complaint that complies with Rule 8(a) or face dismissal of his case.  ECF No. 11. Plaintiff did not do so.  Rather, he filed several motions complaining about his inability to obtain supplies and make copies in order to file an amended complaint and seeking a continuance, a temporary restraining order, and/or the appointment of counsel.  ECF Nos. 13, 15, 16, 17, 18.  On

October 5, 2021, the Court issued a show cause order requiring Plaintiff to either show cause why this case should not be dismissed based upon his failure to correct the deficiency or file an amended complaint (which would supercede the original complaint) that complies with Rule 8(a) within 60 days. The Court also denied the outstanding motions without prejudice. ECF No. 20.

Shortly thereafter, the Court received an amended complaint dated September 29, 2021. ECF No. 21. In his amended complaint, which is nearly 350 pages with exhibits, Plaintiff alleges that the defendants conspired to deny him proper medical care and accommodations at 12 different prisons over the last 12 years. He names 429 defendants, including the State of Michigan, the Michigan Department of Corrections ("MDOC"), Corizon Healthcare, current and former MDOC directors, prison wardens, prison employees, and medical personnel, and sues them in their official and individual capacities. He seeks various forms of injunctive relief and monetary damages. *Id*.[1]

## II.   Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1]The Court notes that Plaintiff did not provide copies for service upon the 429 defendants.

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This notice pleading standard does not require "detailed" factual allegations, but does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

Plaintiff's amended complaint suffers from the same Rule 8 problem as his initial complaint, and, at the same time, also fails to allege sufficient facts to state a claim upon which relief may be granted against each of the defendants. As noted, Plaintiff's amended complaint with attachments consist of nearly 350 pages, names 429 defendants (even more than his initial complaint), alleges a conspiracy claim involving his medical care and accommodations at 12 prisons, and spans a 12-

year period (from 2010 to the present).  Federal Rule of Civil Procedure 8(a), however, requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint violates Rule 8(a) and is subject to dismissal when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits."  *Harrell v. Directors of Bureau of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also Plymale v. Freeman*, 930 F.2d 919, 1991 WL 54882, *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing "rambling" 119-page complaint); *Smith v. Smith*, No. 06-11738, 2006 WL 3511565, *4-6 (E.D. Mich. Dec. 5, 2006) (adopting magistrate judge's report and dismissing prisoner civil rights complaint for failure to comply with Rule 8(a)(2)); *accord Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); *Vicom, Inc. v. Harbridge Merchant Svs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages"); *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible").

Plaintiff's amended complaint against 429 defendants at 12 prisons alleging a conspiracy of improper medical care and accommodation over a 12-year period fails to comply with Rule 8(a). While the amended complaint now rests on a conspiracy theory, to review such a claim against so

many defendants at so many prisons over such a lengthy period of time would require delving into each defendant's conduct and a myriad of dates and events which would be difficult, if not impossible, to review.

Moreover, to state a conspiracy claim under § 1983, a plaintiff must show:  (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his or her civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).  A plaintiff must plead the conspiracy with some specificity.  *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009).

In this case, Plaintiff's conspiracy claims are vague and conclusory.  While Plaintiff alleges that the defendants had a single plan to exclude/cover up the existence of his previously diagnosed conditions and to deprive him of medical care and accommodation, ECF No. 21-1, PageID.1032, he does not allege facts showing any such plan as to any particular defendant or all the defendants. Nonetheless, even if Plaintiff's allegations of a common plan are sufficient, his allegations as to the other two elements are insufficient.  While Plaintiff alleges that the defendants shared in the general conspiratorial objective by taking or not taking certain actions, *e.g.,* delaying medical care, claiming that he was faking illness, providing inadequate exams, refusing to implement treatment, providing ineffective treatment, failing to provide care and accommodation, ignoring his complaints, failing to document injuries, and failing to respond to his complaints, he alleges no facts showing what any particular defendant did or did not do, when or where those actions or inactions occurred, that any or all of the defendants had a shared objective, or any other details of his broad-based allegations. *Id*. at PageID.1033-1036.  Similarly, while Plaintiff alleges that the defendants took overt actions in furtherance of the conspiracy by refusing to acknowledge his prior conditions, by delaying and

denying medical care, and by falsifying his medical records, he fails to provide any specific facts of such conduct as to any particular defendant, let alone each of the 429 defendants. *Id*. at PageID.1036-1037. Plaintiff's conspiracy allegations are conclusory as to each of the named defendants. Conclusory allegations are insufficient to state a civil rights claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan*, 578 F.3d at 390-91, including a conspiracy claim. *See Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see also Bell v. Administrative Bd. of Claims*, No. 20-CV-10193, 2020 WL 2525827, *4 (E.D. Mich. May 18, 2020) (dismissing conspiracy claim where allegations against "all defendants" were vague and conclusory). Plaintiff thus fails to state a conspiracy claim against the defendants in his amended complaint.

In sum, Plaintiff has not submitted a clear and concise statement of factual allegations of unconstitutional conduct against each of the defendants. Due to the vast number of defendants, the multiple prisons, and the span of years at issue in his amended complaint, the Court cannot readily ascertain the factual specifics for the conspiracy claim against each of the particular defendants, let alone determine whether such claims are properly exhausted and timely filed. Plaintiff's amended complaint must therefore be dismissed.

## III.   Conclusion

For the reasons stated, the Court concludes that Plaintiff's amended complaint must be dismissed for failure to comply with Rule 8(a) and, additionally, for failure to allege sufficient facts to state a conspiracy claim upon which relief may be granted under § 1983 as to each of the defendants. Accordingly, the Court **DISMISSES WITH PREJUDICE** the amended civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  This case is closed.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  November 30, 2021