UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN, #787263,

        Plaintiff,

                                          CASE NO. 2:20-CV-12502
v.                                        HONORABLE SEAN F. COX

MICHIGAN, et al.,

        Defendants.
_____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
AND REQUEST TO TAKE JUDICIAL NOTICE (ECF Nos. 31, 32)**

This matter is before the Court on Plaintiff's motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(1) concerning the Court's dismissal of his pro se amended civil rights complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for failure to allege sufficient facts to state a conspiracy claim against each of the 429 named defendants. Plaintiff contends that the Court erred in dismissing the amended complaint with prejudice (as opposed to without prejudice) and contends that prison officials failed to provide him with sufficient paper and copies to submit his amended complaint and comply with the Court's show cause order. ECF No. 32. Plaintiff has also filed a request for the Court to take judicial notice of his prison grievances (attached to his motion for relief from judgment) pursuant to Federal Rule of Evidence 201. ECF No. 31.[1]

Under Federal Rule of Civil Procedure 60(b), a federal court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence,

---

[1] The Court notes that the United States Court of Appeals for the Sixth Circuit recently dismissed Plaintiff's appeal for want of prosecution. ECF No. 33.

surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).

In this case, Plaintiff fails to demonstrate that the Court erred in dismissing with prejudice his amended civil rights complaint under Rule 8 and for failure to state a claim upon which relief may be granted.  The Court issued a show cause order notifying Plaintiff that his initial complaint failed to comply with Rule 8 and gave him ample opportunity to filed an amended complaint.  Plaintiff then filed an amended complaint, which also failed to comply with Rule 8 – and which failed to state a claim upon which relief could be granted.  The Court is authorized to dismiss with prejudice such defective complaints.  *See, e.g., Engintec Corp. v. Boutin*, 464 F. App'x 517, 517-18 (6th Cir. 2012) (affirming district court's Rule 8 dismissal of entire complaint with prejudice); *Hearns v. San Bernardino Police Dep't.*, 530 F.3d 1124, 1129 (9th Cir. 2008) ("Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a)."); *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (recognizing that dismissing a claim for failure to state a claim operates as a "dismissal with prejudice").  Plaintiff fails to show that the Court erred in dismissing his amended complaint with prejudice.

Additionally, Plaintiff's claims concerning the alleged failure of prison officials to supply him with sufficient paper and copies do not effect or alter the result in this case.  Plaintiff filed two lengthy complaints (nearly 700 pages and 350 pages, respectively) and more than 10 motions in this case, which were reviewed by the Court, and the Court did not dismiss the case for lack of copies.

Plaintiff's allegations do not warrant the extraordinary remedy that he seeks. The Court properly dismissed with prejudice the amended complaint, which violated Rule 8 and simultaneously failed to allege sufficient facts to state a claim against the defendants, for the reasons stated in its dismissal decision. Plaintiff fails to show that he is entitled to relief under Rule 60(b). Accordingly, the Court **DENIES** his motion for relief from judgment. Given this determination, the Court also **DENIES** as unnecessary his request for the Court to take judicial notice of his prison grievances.[2] This case remains closed. No further pleadings should be filed in this matter.

    **IT IS SO ORDERED**.

    s/Sean F. Cox  
    Sean F. Cox  
    United States District Judge

Dated: November 3, 2022

I hereby certify that a copy of the foregoing document was served upon counsel and/or the parties of record on November 3, 2022, by electronic and/or ordinary mail.

    s/J. McCoy  
    Case Manager

---

[2] The Court did review and consider Plaintiff's exhibits to his motion.